IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIANA LYONS<br>191 Sparks Street<br>Philadelphia, PA 19120<br><br>　　　　　Plaintiff,<br>　v.<br><br>INGLIS HOUSE<br>2600 Belmont Avenue<br>Philadelphia, PA 19131<br><br>　　　　　Defendant. | :<br>:<br>:  CIVIL ACTION<br>:<br>:<br>:  No.:<br>:<br>:<br>:<br>:  **JURY TRIAL DEMANDED**<br>:<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, Kiana Lyons (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Inglis House (*hereinafter* "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] Plaintiff was unlawfully terminated by Defendant, and she suffered damages more fully described/sought herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA. Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under the ADA.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Inglis House, a Pennsylvania corporation, provides services to adults with severe neurodegenerative physical disabilities resulting in paraplegia and quadriplegia, with an address as set forth in the above caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed with Defendant as a Certified Nursing Assistant ("CNA") from in or about September of 2015 until her unlawful termination (discussed further *infra*) on or about July 22, 2020.

12. Toward the end of her employment with Defendant, Plaintiff was primarily supervised by Don Brown (*hereinafter* "Brown").

13. Throughout her tenure with Defendant, Plaintiff was a hard-working employee who performed her job well.

14. Plaintiff has and continues to suffer from serious health conditions, including but not limited to an anxiety disorder and depression (and associated complications).

15. As a result of her aforesaid health conditions, Plaintiff suffers sleeplessness, panic, and fatigue, which (at times) limits her ability to perform some daily life activities, including but not limited to focusing, sleeping, and working (among other daily life activities).

16. Despite her aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times (discussed *infra*).

3

17. For example, Plaintiff requested and was approved for FMLA leave from on or about March of 2020 until on or about June 6, 2020, to care for and treat her aforesaid serious health conditions.

18. Throughout Plaintiff's FMLA leave, she regularly apprised Occupational Health ("OH") Representative, Chakana Conwell (*hereinafter* "Conwell") of the status of her health conditions and confirming her need for medical leave.

19. For example, Plaintiff informed both OH and Human Resources ("HR") that her physician had cleared her to return to work on or about June 11, 2020 and provided HR with her doctor's note for same.

20. Thereafter, Plaintiff returned to work on her next scheduled work day of June 13, 2020, and worked for approximately two days, at which time Plaintiff's disabilities were exacerbated, and her doctor recommended that she extend her medical leave until on or about July 28, 2020.

21. Plaintiff left several voicemail messages in the general HR mailbox and the OH mailbox indicating her aforesaid request for an extension of her medical leave until July 28, 2020 (a reasonable accommodation under the ADA)[2] and further stated that her doctor would be

---

[2] 29 C.F.R. § 825.702(a) states:

(a) Nothing in FMLA modifies or affects any Federal or State law prohibiting discrimination on the basis of race, religion, color, national origin, sex, age, **or disability** (*e.g.,* Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act) . . . The purpose of the FMLA is to make leave available to eligible employees and employers within its coverage, and not to limit already existing rights and protection." S. Rep. No. 103-3, at 38 (1993). **An employer must therefore provide leave under whichever statutory provision provides the greater rights to employees. When an employer violates both FMLA and a discrimination law, an employee may be able to recover under either or both statutes (double relief may not be awarded for the same loss; when remedies coincide, a claimant may be allowed to utilize whichever avenue of relief is desired.** *Laffey* v. *Northwest Airlines, Inc.,* 567 F.2d 429, 445 (D.C. Cir. 1976), *cert. denied,* 434 U.S. 1086 (1978) (emphasis added); *see also Sharbaugh,* 2016 WL 6834613, at *16-17 (holding that less than eight months of leave, five of which occurred after exhaustion of FMLA, could constitute a reasonable accommodation under the ADA); *E.E.O.C. v. Midwest Indep. Transmission Sys. Operator, Inc.*, No. 1:11-CV-1703-WTL-DML, 2013 WL 2389856, at *3-5 (S.D. Ind. May 30, 2013) (denying summary judgment for defendant with employee who requested accommodation of two months additional leave after FMLA had exhausted, for a total of five months of medical leave).

providing Defendant with a note confirming same as soon as Plaintiff's doctor returned from her own personal leave. However, because of the global Covid-19 pandemic, it was hard for Plaintiff to reach out to an actual person at Defendant.

22. Additionally, Plaintiff discovered that she had been locked out of Defendant's online system used by employees to request leave, for at least four weeks, but she continued to leave messages and called out each day that she was unable to work as a result of her aforesaid health conditions (as per Defendant's call-out protocol).

23. Thereafter, Plaintiff believed that her doctor had sent in the letter and extension to her medical leave, and she did not hear otherwise from HR for several weeks until on or about July 10, 2020, when the Assistant Director of Nursing ("ADON"), Tenaye Randolph (*hereinafter* "Randolph"), reached out to Plaintiff to issue her written discipline for absences.

24. During the aforesaid July 10, 2020 phone call, Plaintiff informed Randolph that she was still on medical leave that been extended by Plaintiff's doctor until July 28, 2020, and she had been leaving several messages for HR, Conwell in OH, an even IT.

25. Thereafter, on or about July 15, 2020, Conwell called Plaintiff and stated she had been informed by Randolph that Plaintiff was still out on medical leave but that Defendant had not yet received Plaintiff's doctor's note documenting her need for additional leave. Plaintiff replied that her doctor had sent in the paperwork but offered to reach out to her doctor immediately, to which Conwell responded that ***she would call Plaintiff back if she did not receive the paperwork from Plaintiff's doctor***. At not time was Plaintiff informed that she would be terminated if Conwell did not receive the paperwork by a certain time.

26. Thereafter, Plaintiff reached out to her doctor, who informed Plaintiff that she had prepared the letter recommending additional leave but inadvertently failed to send it to Defendant.

5

Plaintiff's doctor informed her that she would send out the letter immediately, and Plaintiff relayed the same to HR.

27. However, instead of advising Plaintiff (as promised on July 15, 2020) that Defendant still had not received the paperwork from Plaintiff's doctor, on or about July 22, 2020, Conwell abruptly terminated Plaintiff for purportedly being a "no call, no show" for several days.

28. Defendant's purported reason for Plaintiff's termination – allegedly being a "no call, no show" for several days – is completely false and pretextual because: (1) Plaintiff left messages for HR and OH of the status of her medical leave on multiple occasions, and both Conwell and Randolph confirmed in phone conversations with Plaintiff that she had informed them her doctor requested an extension of her medical leave until July 28, 2020; (2) Plaintiff continued to follow Defendant's call-out protocol on a daily basis for time off for her aforesaid health conditions until Plaintiff believed Defendant had received her doctor's note requesting an extension of her medical leave; and (3) HR representatives informed Plaintiff that they were "concerned" about her medical leave because other employees were "faking" illnesses, which was not true in Plaintiff's case because she had documentation from her physician.

29. Following Plaintiff's termination and threatening legal action (through her union), Plaintiff was provided with a Last Chance Agreement (*hereinafter* "LCA") from Defendant on or about September 1, 2020, wherein Defendant admitted that there was "a communication gap between 1199C's short term disability approval process and Inglis' OH Department." However, the LCA required Plaintiff to agree to a 3-month probationary period and included language that Plaintiff could be fired for violating Defendant's attendance policy or exercising her rights under the FMLA.

30. Upon Plaintiff's information and belief, the language in the LCA specifically interfered with and discouraged her from exercising her rights under the ADA and FMLA, and as

a result of that, and the fact that she would likely be re-terminated for taking any leave for her disabilities in the future, Plaintiff did not sign the document.

31. Plaintiff believes and therefore avers that she was terminated because of (1) her known, perceived, and/or record of disabilities; (2) in retaliation for requesting/utilizing reasonable medical accommodations; and/or (3) Defendant's failure to properly accommodate her health conditions.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including, but not limited to focusing, sleeping, and working.

34. Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations.

35. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

36. Plaintiff requested reasonable accommodations from Defendant, including but not limited to a medical leave of absence to care for and treat her serious health conditions.

37. Plaintiff was terminated from her employment with Defendant in close proximity to requesting/utilizing reasonable accommodations and while still out on medical leave.

38. Prior to abruptly terminating Plaintiff's employment, Defendant failed to (1) engage in the interactive process as required under the ADA; (2) accommodate Plaintiff under the ADA; or (3) hold her position open during her four-month medical leave of absence.

39. Plaintiff believes and therefore avers that she was terminated from her employment with Defendant because of: (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendant's failure to engage in the interactive process and/or to properly accommodate her disabilities.

40. These actions as aforesaid constitute violations of the ADA

### COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
### ([1] Retaliation & [2] Interference)

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

43. Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

44. Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

45. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

46. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.


47. Plaintiff was terminated in close proximity to her requests for an intermittent and/or block medical leave to care for and treat her serious health conditions.

48. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; and (4) by making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA.

49. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 15, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kiana Lyons | : | CIVIL ACTION |
| v. | : | |
| Inglis House | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 3/15/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __191 Sparks Street, Philadelphia, PA 19120__

Address of Defendant: __2600 Belmont Avenue, Philadelphia, PA 19131__

Place of Accident, Incident or Transaction: __Defendant's place of business.__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3/15/2021__   _____(signature)_____   ARK2484 / 91538
                             *Attorney-at-Law / Pro Se Plaintiff*             *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __3/15/2021__   _____(signature)_____   ARK2484 / 91538
                             *Attorney-at-Law / Pro Se Plaintiff*             *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LYONS, KIANA

**DEFENDANTS**
INGLIS HOUSE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1  U.S. Government Plaintiff
- **X  3  Federal Question** *(U.S. Government Not a Party)*
- 2  U.S. Government Defendant
- 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- **X  445 Amer. w/Disabilities - Employment**
- 446 Amer. w/Disabilities - Other
- 448 Education

*PERSONAL INJURY*
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
*Other:*
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X  1  Original Proceeding**
- 2  Removed from State Court
- 3  Remanded from Appellate Court
- 4  Reinstated or Reopened
- 5  Transferred from Another District *(specify)*
- 6  Multidistrict Litigation - Transfer
- 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PHRA and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  **X Yes**   No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                    DOCKET NUMBER

DATE: 3/15/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print    Save As...    Reset